[SUBMITTING COUNSEL ON SIGNATURE LINE]

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Olean Wholesale Grocery Cooperative, Inc., on behalf of itself and all others similarly situated,<br><br>     *Plaintiff*,<br><br>     v.<br><br>BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, AND STARKIST COMPANY,<br><br>     *Defendants.* | Case No. 3:15-cv-01714-JLS-MDD<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Hon. Janis L. Sammartino<br><br>DATE: November 5, 2015<br>TIME: 1:30 P.M.<br>CRTRM: 4A |
| Pacific Groservice Inc. d/b/a/ PITCO Foods, on behalf of itself and all others similarly situated,<br><br>     *Plaintiff*,<br><br>     v.<br><br>BUMBLE BEE FOODS LLC, TRI- | Case No. 3:15-cv-01791-JLS-MDD |

| | | |
|---|---|---|
| 1 | UNION SEAFOODS LLC, and STARKIST COMPANY, | |
| 2 | | |
| 3 | *Defendants.* | |
| 4 | | |
| 5 | Beverly Youngblood, on behalf of herself and all others similarly situated, | Case No. 3:15-cv-01863-JLS-MDD |
| 6 | | |
| 7 | *Plaintiff*, | |
| 8 | v. | |
| 9 | BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, AND STARKIST COMPANY, | |
| 10 | | |
| 11 | | |
| 12 | *Defendants.* | |
| 13 | | |
| 14 | Trepco Imports and Distribution LTD, on behalf of itself and all others similarly situated, | Case No. 3:15-cv-01987-AJB-KSC |
| 15 | | |
| 16 | | |
| 17 | *Plaintiff*, | |
| 18 | v. | |
| 19 | BUMBLE BEE FOODS, LLC f/k/a BUMBLE BEE SEAFOODS, LLC, TRI-UNION SEAFOODS, LLC d/b/a CHICKEN OF THE SEA, STARKIST COMPANY, AND KING OSCAR, INC., | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | *Defendants.* | |
| 24 | | |
| 25 | Louise Ann Davis Mathews, on behalf of herself and all others similarly situated, | Case No. 3:15-cv-01878-JLS-MDD |
| 26 | | |
| 27 | *Plaintiff*, | |
| 28 | | |

| | | |
|---|---|---|
| 1 | v. | |
| 2 | BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, and STARKIST COMPANY, | |
| 3 | | |
| 4 | | |
| 5 | *Defendants.* | |
| 6 | | |
| 7 | Capitol Hill Supermarket, on behalf of itself and all others similarly situated, | Case No. 3:15-cv-01867-JLS-MDD |
| 8 | | |
| 9 | *Plaintiff*, | |
| 10 | v. | |
| 11 | BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, AND STARKIST COMPANY, | |
| 12 | | |
| 13 | | |
| 14 | *Defendants.* | |
| 15 | | |
| 16 | James Walnum, on behalf of himself and all others similarly situated, | Case No. 3:15-cv-01887-BAS-RBB |
| 17 | | |
| 18 | *Plaintiff*, | |
| 19 | | |
| 20 | v. | |
| 21 | BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, AND KING OSCAR, INC., | |
| 22 | | |
| 23 | | |
| 24 | *Defendants.* | |
| 25 | | |
| 26 | Evelyn Olive, et al., on behalf of themselves and all others similarly situated, | Case No. 3:15-cv-01909-BEN-WVG |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | *Plaintiffs*, | |
| 2 | v. | |
| 3 | BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, STARKIST COMPANY, AND KING OSCAR, INC., | |
| 4 | | |
| 5 | | |
| 6 | *Defendants*. | |
| 7 | | |
| 8 | Colin Moore, on behalf of himself and all others similarly situated, | Case No. 3:15-cv-01911-JLS-MDD |
| 9 | | |
| 10 | *Plaintiff*, | |
| 11 | v. | |
| 12 | | |
| 13 | BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, AND STARKIST COMPANY, | |
| 14 | | |
| 15 | | |
| 16 | *Defendants*. | |
| 17 | | |
| 18 | Jennifer A. Nelson, et al., on behalf of themselves and all others similarly situated, | Case No. 3:15-cv-01979-JLS-MDD |
| 19 | | |
| 20 | *Plaintiffs*, | |
| 21 | | |
| 22 | v. | |
| 23 | BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, STARKIST COMPANY, AND KING OSCAR, INC., | |
| 24 | | |
| 25 | | |
| 26 | *Defendants*. | |
| 27 | | Case No. 3:15-cv-02020-LAB-BLM |
| 28 | Dutch Village Restaurant of itself and all others similarly situated, | |

| | |
|---|---|
| *Plaintiff*, <br><br> v. <br><br> BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, AND STARKIST COMPANY, <br><br> *Defendants.* | |
| Steven M. Colberg, et al., on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, AND KING OSCAR, INC., <br><br> *Defendants.* | Case No. 3:15-cv-02011-L-MDD |
| Amy Joseph, on behalf of herself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> BUMBLE BEE FOODS, LLC, TRI-UNION SEAFOODS, LLC, STARKIST COMPANY, AND KING OSCAR, INC. <br><br> *Defendants.* | Case No. 3:15-cv-02017-BTM-NLS |

| | |
|---|---|
| Jinkyoung Moon, et al., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, AND KING OSCAR, INC.,<br><br>*Defendants.* | Case No. 3:15-cv-02006-H-JMA |
| Rick Musgrave, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, AND KING OSCAR, INC.,<br><br>*Defendants.* | Case No. 3:15-cv-02012-BAS-RBB |

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................3

III. ARGUMENT ........................................................................................................4

    A. The Direct Purchaser Actions, End Payor Actions and Commercial Food Preparer Actions Should Be Separately Consolidated for All Purposes and Coordinated. ........................................4

IV. CONCLUSION ....................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Adams Apple, Inc.*,
 829 F.2d 1484 (9th Cir. 1987) ................................................................................ 4

*In re Equity Funding Corp. of Am. Sec. Litig.*,
 416 F. Supp. 161 (C.D. Cal. 1976) ........................................................................ 4

*In Re Flash Memory Antitrust Litig.*,
 No. C-07-0086-SBA, 2007 U.S. Dist. LEXIS 82719
 (N.D. Cal. October 17, 2007) ................................................................................. 5

*Investors Research Co. v. United States Dist. Court for Cent. Dist.*,
 No. 89-70202, 1989 U.S. App. LEXIS 8261 (9th Cir. June 8, 1989) .................... 4

*Kamakhi v. Am. Soc'y for Reprod. Med.*,
 No. C 11-01781, 2012 U.S. Dist. LEXIS 34563 (N.D. Cal. March
 14, 2012) ............................................................................................................ 5, 6

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*,
 611 F. Supp. 990 (C.D. Cal. 1984) ........................................................................ 4

*Takeda v. Turbodyne Techs., Inc.*,
 67 F.Supp.2d 1129 (C.D. Cal. 1999) ..................................................................... 5

*United States v. Knauer*,
 149 F.2d 519 (7th Cir. 1945), *aff'd*, 328 U.S. 654, *reh'g denied*, 329
 U.S. 818, *petition denied*, 332 U.S. 834 ................................................................ 4

*Vincent v. Hughes Air West, Inc.*,
 557 F.2d 759 (9th Cir. 1977) ................................................................................. 5

**Rules**

Federal Rules of Civil Procedure 42(a) .................................................................. 4, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Presently pending in the United States District Court for the Southern District of California are several actions against defendants Bumble Bee Foods LLC, Tri-Union Seafoods LLC, and StarKist Company (collectively, "Defendants[1]"), alleging antitrust violations under federal and state law.

The direct purchaser plaintiffs Pacific Groservice Inc. d/b/a/ PITCO Foods ("PITCO"); Olean Wholesale Grocery Cooperative, Inc. ("Olean"); Beverly Youngblood ("Youngblood"); and Trepco Imports and Distribution LTD ("Trepco") have filed four complaints in this District on behalf of direct purchasers of packaged seafood products ("PSPs") against Defendants in the following actions: *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-0714-JLS-MDD (the "*Olean* Action"); *Pacific Groservice Inc. d/b/a PITCO Foods v. Bumble Bee Foods LLC et al.*, No. 3:15-cv-01791-JLS-MDD (the "*PITCO* Action"); *Youngblood v. Bumble Bee Foods LLC et al.*, No. 3:15-cv-01863-JLS-MDD (the "*Youngblood* Action"); and *Trepco Imports and Distribution LTD v. Bumble Bee Foods LLC et al.*, No. 3:15-cv-01987-AJB-KSC (the "*Trepco* Action") (collectively, "Direct Purchaser Actions").

Similarly, two separate groups of indirect purchasers of PSPs have filed a total of eleven complaints in this District. First, the following "End-Payor" actions have been filed: *Mathews v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01878-JLS-MDD; *Walnum v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01887-BAS-RBB; *Olive v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01909-BEN-WVG; *Moore v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01911-JLS-MDD; *Nelson v. Bumble Bee*

---

[1] Defendants also include King Oscar, Inc. ("King Oscar") in certain of the actions. King Oscar is an entity that shares a common corporate owner as Tri-Union Seafoods LLC.

*Foods LLC, et al.*, No. 3:15-cv-01979-JLS-MDD; *Steven M. Colberg, et al., v. Bumble Bee Foods LLC*, Case No. 3:15-cv-02011-L-MDD; *Jinkyoung Moon et al. v. Bumble Bee Foods LLC et al.,* Case No. 3:15-cv-02006-H-JMA; *Rick Musgrave v. Bumble Bee Foods LLC et al.*, Case No. 3:15-cv-02012-BAS-RBB; *Amy Joseph v. Bumble Bee Foods, LLC*, *et al.,* Case No. 3:15-cv-02017-BTM-NLS.

Second, the following Commercial Food Preparer actions have been filed: *Capitol Hill Supermarket v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01867-AJB-WVG; *Dutch Village Restaurant v. Bumble Bee Foods LLC et al.*, Case No. 3:15-cv-02020-LAB-BLM.

The indirect purchasers in the End Payor Actions allege violations of certain antitrust and consumer protection laws on behalf of consumers and other end users that purchased PSPs for their (or their families') personal consumption. The indirect purchasers in the Commercial Food Preparer Actions similarly allege violations of certain antitrust and consumer protection laws but do so on behalf of indirect purchasers of PSPs that were used in commercial preparation of other food products, such as sandwiches at deli counters.

All of these actions are "related" to the *Olean* Action, though not all of them have yet been transferred to Judge Sammartino's docket.

On August 28, 2015, Olean filed a motion to transfer and centralize related actions in the Southern District of California before the United States Judicial Panel on Multidistrict Litigation ("JPML") due to new case filings in other districts. *See In Re: Packaged Seafood Products Antitrust Litigation*, MDL No. 2670, Dkt. No. 1. The responses to the JPML motion are due on or before September 21, 2015. Olean has argued in its JPML motion that this Court, and specifically Judge Sammartino, the judge with the low-numbered case in this district, should preside over this pending multi-district proceeding. The JPML is likely to place the matter on its December 3, 2015 docket and a decision on transfer is expected 2-3 weeks thereafter.

1   Given the number of filings that have occurred to date, and to allow counsel in the various cases ready access to relevant pleadings and orders, the Direct Purchaser Plaintiffs and both groups of Indirect Purchaser Plaintiffs now move to consolidate the cases in one docket accessible by all.

## II.   FACTUAL BACKGROUND

The plaintiffs in all of the above-captioned actions—the direct purchaser actions and both groups of indirect purchaser actions—allege a conspiracy by the three largest producers of PSPs in the United States, its territories and the District of Columbia. The term "PSPs" refer to shelf-stable seafood products (predominantly tuna) that are sold in cans, pouches or ready-to-eat serving packages.

For nearly five decades (from approximately 1950 until 2000), tuna - almost all of which was canned—was the most popular seafood in the United States. According to Roger Corey's 1990 report "Tuna: Competitive Conditions Affecting the U.S. and European Tuna Industries in Domestic and Foreign Markets," more than 85 percent of American households kept canned tuna.  In 1989, at the height of the country's demand for canned tuna, the average American ate almost four pounds of tuna each year. In 1990, the International Trade commission estimated that Americans were responsible for eating about a third of the global supply of tuna, and between half and two-thirds of the global supply of canned tuna.

However, the demand for canned tuna has been trending down.  Since 1989, per capita canned tuna consumption has almost halved. Since 1999, canned seafood sales have fallen by nearly 30 percent. In 2012, canned tuna was responsible for just over 16 percent of all fish and seafood consumption in the U.S., the lowest reading in nearly 60 years.  Nevertheless, the price for canned tuna has been trending up, defying the economic fundamentals.

Defendants are the three largest domestic manufacturers of PSPs. The industry is highly concentrated. According to a May 2012 presentation by Bumble Bee Foods LLC ("Bumble Bee"), it had 29% of the domestic shelf-stable seafood market in

2011, Tri-Union Seafoods LLC ("Tri-Union") had 18.4% and StarKist Company ("Starkist") had 25.3%. The remaining market share was comprised of smaller companies and private label brands. With respect to shelf-stable tuna, StarKist had 34.6% of the market, Bumble Bee had 27.8% and Tri-Union had 19.4%. In December of 2014, the *Wall Street Journal* reported that the Defendants' respective shares of the domestic market for canned tuna were 13% for Tri-Union, 25% for Bumble Bee, and 36% for StarKist.

On July 22, 2015, Tri-Union's parent company disclosed that the Antitrust Division of the United States Department of Justice issued a subpoena, requiring Tri-Union to provide relevant information in relation to an antitrust investigation of the packaged seafood industry in the United States. All of the complaints focus on these core facts with additional supporting details.

### III.   ARGUMENT

**A. The Direct Purchaser Actions, End Payor Actions and Commercial Food Preparer Actions Should Be Separately Consolidated for All Purposes and Coordinated.**

Federal Rules of Civil Procedure 42(a) grants courts the authority to consolidate actions that "involve a common question of law or fact." *Id. See also, In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). Furthermore, "[a] district court has broad discretion under this rule to consolidate cases pending in the same district," regardless of whether those actions are pending before different judges. *Investors Research Co. v. United States Dist. Court for Cent. Dist.,* No. 89-70202, 1989 U.S. App. LEXIS 8261, *1 (9th Cir. June 8, 1989). Indeed, Fed. R. Civ. P. 42(a) "was designed and intended to encourage such consolidation where possible." *United States v. Knauer,* 149 F.2d 519, 520 (7th Cir. 1945), *aff'd*, 328 U.S. 654, *reh'g denied*, 329 U.S. 818, *petition denied*, 332 U.S. 834; *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D.

Cal. 1984) ("A court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored.") (citations omitted). The actions pending before this Court are appropriate for consolidation; they involve substantially duplicative or overlapping defendants, wrongful acts, conduct, and occurrences.

Putative class actions are particularly well-suited for consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Takeda v. Turbodyne Techs., Inc.*, 67 F.Supp.2d 1129, 1130 (C.D. Cal. 1999). Consolidating class actions simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related putative class actions separately. *Id*.

Courts in this Circuit have exercised their authority to consolidate similar actions alleging illegal price fixing in violation of similar federal and state antitrust laws. For example, in *In Re Flash Memory Antitrust Litig.,* No. C-07-0086-SBA, 2007 U.S. Dist. LEXIS 82719, *7-8 (N.D. Cal. October 17, 2007), the Northern District Court exercised its judicial authority to order the consolidation of numerous related actions. There, as here, the actions alleged that several overlapping defendants "conspired to fix, raise, maintain, or stabilize the prices of" a specific product, thereby engaging in violation of Section 1 of the Sherman Antitrust Act, among other state antitrust laws. Thus, consolidation was appropriate, as the actions "involve[d] many of the same defendants and share[d] overlapping factual and legal claims." *Id.*

Similarly, *Kamakhi v. Am. Soc'y for Reprod. Med.,* No. C 11-01781, 2012 U.S. Dist. LEXIS 34563 (N.D. Cal. March 14, 2012), also involved a motion to

consolidate class actions where plaintiffs alleged a price fixing agreement by similar defendants in violation of the Sherman Antitrust Act. The Northern District Court granted consolidation, finding that the pending actions "involve[d] common questions of law and fact," agreeing with plaintiff's assertion that "consolidation [would] serve the interests of efficiency and judicial economy." *Id.* at *4.

The claims and causes of action among the Direct Purchaser, End Payor and Commercial Food Preparer Actions are nearly identical, inviting consolidation. The actions all involve substantial overlap and similar questions of law and fact. Duplicative motions and discovery would likely result if each of the Direct Purchaser Actions, End Payor Actions and the Commercial Food Preparer Actions proceeded independently. Separate consolidation of each group before a single judge will promote conservation of the parties' resources, suit the interests of judicial economy, and avoid the potential for conflicting results. Consequently, this Court should separately consolidate the Direct Purchaser, End Payor and Commercial Food Preparer Actions.

**IV.   CONCLUSION**

In the interest of judicial economy and for the additional reasons set forth above, Direct Purchaser Plaintiffs and both groups of Indirect Purchaser Plaintiffs respectfully request that the Court issue an Order:

(a) consolidating the following direct purchaser actions into a Consolidated Direct Purchaser Action: *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-0714-JLS-MDD; *Pacific Groservice Inc. d/b/a PITCO Foods v. Bumble Bee Foods LLC et al.*, No. 3:15-cv-01791-JLS-MDD; *Youngblood v. Bumble Bee Foods LLC et al.*, No. 3:15-cv-01863-JLS-MDD; and *Trepco Imports and Distribution LTD v. Bumble Bee Foods LLC et al.*, No. 3:15-cv-01987-AJB-KSC;

(b) consolidating the following indirect purchaser end payor actions into a

1
2
3
4
5
6
7
8
9
10
11

    Consolidated End Payor Action: *Mathews v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01878-JLS-MDD; *Walnum v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01887-BAS-RBB; *Olive v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01909-BEN-WVG; *Moore v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01911-JLS-MDD; *Nelson v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01979-JLS-MDD; *Steven M. Colberg, et al., v. Bumble Bee Foods LLC*, Case No. 3:15-cv-02011-L-MDD; *Jinkyoung Moon et al. v. Bumble Bee Foods LLC et al.,* Case No. 3:15-cv-02006-H-JMA; *Rick Musgrave v. Bumble Bee Foods LLC et al.*, Case No. 3:15-cv-02012-BAS-RBB; *Amy Joseph v. Bumble Bee Foods, LLC, et al.,* Case No. 3:15-cv-02017-BTM-NLS;

12
13
14
15
16

  (c) consolidating the following indirect purchaser commercial food preparer actions into a Consolidated Commerical Food Preparer Action: *Capitol Hill Supermarket v. Bumble Bee Foods LLC, et al.*, No. 3:15-cv-01867-AJB-WVG; *Dutch Village Restaurant v. Bumble Bee Foods LLC et al.*, Case No. 3:15-cv-02020-LAB-BLM; and

17
18
19
20

  (d) coordinating the Consolidated Direct Purchaser Action, the Consolidated End Payor Action, and the Consolidated Commercial Food Preparer Action under one case number, Case No. 3:15-cv-01714-JLS-MDD, all as set forth in more detail in the proposed order.

21
22  Dated: September 14, 2015        Respectfully submitted,

23                              **HAUSFELD LLP**

24                            By:   /s/ *Christopher L. Lebsock*
25                                Michael P. Lehmann
26                                Bonny E. Sweeney
                                Christopher L. Lebsock
27                                600 Montgomery St., Suite 3200
28                                San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: 415-633-1908
Facsimile: 415-358-4980
Email: mlehmann@hausfeld.com
Email: bsweeney@hausfeld.com
Email: clebsock@hausfeld.com

Michael D. Hausfeld
James J. Pizzirusso
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Email: mhausfeld@hausfeld.com
Email: jpizzirusso@hausfeld.com

*Attorneys for Plaintiff Olean Wholesale Grocery Cooperative, Inc.*

By:   /s/ *Barbara Hart*
    **LOWEY DANNENBERG COHEN & HART, P.C.**
    Barbara Hart (*pro hac vice* to be submitted)
    Sung-Min Lee (*pro hac vice* to be submitted)
    One North Broadway, Suite 509
    White Plains, NY 10601-2301
    Telephone: 914-997-0500
    E-Mail: bhart@lowey.com
    E-Mail: slee@lowey.com

    **ISAACS, FRIEDBERG & LABATON LLP**
    Mark I. Labaton (SBN 159555)
    City National Plaza – South Tower
    555 South Flower St., Suite 4250
    Los Angeles, CA 90071
    Telephone: 213-929-5550
    E-Mail: mlabaton@iflcounsel.com

    *Attorneys for Plaintiff Pacific Groservice, Inc. d/b/a PITCO Foods*

By:   /s/ *Whitney E. Street*

| | |
|---|---|
| 1 | |
| 2 | **BLOCK & LEVITON LLP** |
|   | Whitney E. Street |
| 3 | Lesley E. Weaver |
|   | 520 3rd Street, Suite 108 |
| 4 | Oakland, CA 94607 |
| 5 | Telephone: 415-968-8999 |
|   | Facsimile: 617-507-6020 |
| 6 | Email: wstreet@blockesq.com |
|   | Email: lweaver@blockesq.com |
| 7 | |
| 8 | Erica G. Langsen |
|   | 155 Federal Street, Suite 400 |
| 9 | Boston, MA 02110 |
|   | Telephone: 617-398-5600 |
| 10 | Facsimile: 617-507-6020 |
| 11 | Email: elangsen@blockesq.com |
| 12 | |
|    | *Attorneys for Plaintiff Beverly Youngblood* |
| 13 | |
| 14 | By:   /s/ *Jason S. Hartley* |
|    | **STUEVE SIEGEL HANSON LLP** |
| 15 | Jason S. Hartley |
| 16 | Jason M. Lindner |
|    | 550 West C Street, Suite 610 |
| 17 | San Diego, CA 92101 |
|    | Telephone: 619-400-5822 |
| 18 | Email: hartley@stuevesiegel.com |
| 19 | Email: lindner@stuevesiegel.com |
| 20 | |
|    | *Attorneys for Plaintiff Trepco Imports and* |
| 21 | *Distribution LTD* |
| 22 | |
| 23 | By:   /s/ *Michael J. Flannery* |
|    | **CUNEO GILBERT & LADUCA, LLP** |
| 24 | Michael J. Flannery |
|    | 7733 Forsyth Boulevard, Suite 1675 |
| 25 | St. Louis, MO 63105 |
| 26 | Telephone: 314-226-1015 |
|    | Facsimile: 202-789-1819 |
| 27 | mflannery@cuneolaw.com |
| 28 | |

| | |
|---|---|
| 1 | |
| 2 | *Attorneys for Capitol Hill Supermarket and Dutch Village Restaurant* |
| 3 | By:  /s/ *Christopher T. Micheletti* |
| 4 | **ZELLE HOFMANN VOELBEL & MASON LLP** |
| 5 | Christopher T. Micheletti |
| 6 | Judith A. Zahid |
|   | Michael S. Christian |
| 7 | Jiangxiao Athena Hou |
| 8 | 44 Montgomery St., Suite 3400 |
|   | San Francisco, CA 94104 |
| 9 | Telephone: (415) 693-0700 |
| 10 | Facsimile: (415) 693-0770 |
|    | Email: cmicheletti@zelle.com |
| 11 | jzahid@zelle.com |
| 12 | mchristian@zelle.com |
|    | ahou@zelle.com |
| 13 | |
| 14 | *Attorneys for James Walnum, Steven M. Colberg, Michael Juettten, and Carl Lown* |
| 15 | |
| 16 | By:  /s/ *Kimberly A. Krawlowec* |
|    | **THE KRALOWEC LAW GROUP** |
| 17 | Kimberly A. Kralowec |
| 18 | Kathleen Styles Rogers |
|    | Chad A. Saunders |
| 19 | 44 Montgomery St., Suite 1210 |
| 20 | San Francisco, CA 94104 |
|    | Telephone: (415) 546-6800 |
| 21 | Facsimile: (415) 546-6801 |
| 22 | Email: kkralowec@kraloweclaw.com |
|    | krogers@kraloweclaw.com |
| 23 | csaunders@kraloweclaw.com |
| 24 | |
| 25 | *Attorneys for Louise Ann Davis Mathews and Colin Moore* |
| 26 | |
| 27 | By:  /s/ *Betsy C. Manifold* |
|    | **WOLF HALDENSTEIN ADLER** |
| 28 | **FREEMAN & HERZ LLP** |

MEMORANDUM OF POINTS & AUTHORITIES ISO
PLAINTIFFS' MOTION TO CONSOLIDATE            10            CASE NO. 15-CV-1714-JLS-MDD

| | |
|---|---|
| 1 | Betsy C. Manifold |
| 2 | Rachele R. Rickert |
| | 750 B Street, Suite 2770 |
| 3 | San Diego, CA 92101 |
| 4 | Telephone: 619/239-4599 |
| | Facsimile: 619/234-4599 |
| 5 | manifold@whafh.com |
| 6 | rickert@whafh.com |

*Attorneys for Evelyn Olive, Sterling King, Paul Berger, Sally Crnkovich, Jessica Breitbach, Marc Blumstein, Louise Adams, Brian Levy, John Trent, Tina Grant, Jennifer A. Nelson, And Elizabeth Twitchell*

By: __/s/ *Rosemary M. Rivas*__
  **FINKELSTEIN THOMPSON LLP**
  Rosemary M. Rivas
  One California Street, Suite 900
  San Francisco, California 94111
  Telephone: (415) 398-8700
  Facsimile: (415) 398-8704
  rrivas@finkelsteinthompson.com

*Attorneys for Rick Musgrave*

By: __/s/ *Robert J. Gralewski, Jr.*__
  **KIRBY McINERNEY LLP**
  Robert J. Gralewski, Jr.
  600 B Street, Suite 1900
  San Diego, CA 92101
  Telephone: (619) 398-4340
  bgralewski@kmllp.com

  **STRAUS & BOIES, LLP**
  Timothy D. Battin
  Nathan M. Cihlar
  Christopher V. Le
  4041 Fairfax Drive, Fifth Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                  Fairfax, VA 22201
                                  Telephone: (703) 764-8700
                                  Facsimile: (703) 764-8704
                                  tbattin@straus-boies.com
                                  ncihlar@straus-boies.com
                                  cle@straus-boies.com

                                  *Attorneys for Plaintiffs Jinkyoung Moon, Corey Norris, Clarissa Simon, and Nigel Warren*

MEMORANDUM OF POINTS & AUTHORITIES ISO
PLAINTIFFS' MOTION TO CONSOLIDATE            12            CASE NO. 15-CV-1714-JLS-MDD